UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NARCISCO ELLIS GARCIA, A-216-982-080,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | No. 1:26-cv-05992-DC-CKD P<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition and respondent's response are before the court. (ECF Nos. 1, 6.) Petitioner also filed a motion requesting appointment of counsel and a temporary restraining order. (ECF No. 2.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to release petitioner from custody.

**I. Background**

Petitioner is a native of Nicaragua who has been in immigration detention since June 17, 2026. (ECF No. 6-1 at 2.) Petitioner alleges he came to the United States by the border of Arizona, was interviewed by ICE, and let go. (ECF No. 1 at 6.) He alleges he filed for asylum, received his work permit, began working for a company called "Wise Solutions," pays taxes, and

has a "clear" background. (Id.) Plaintiff further alleges he provides support to his elderly parents and children in Nicaragua which he has been unable to do while detained. (Id.)

Under respondent's evidence, petitioner entered and departed the United States on two prior occasions as a visitor during 2005-2008. (ECF No. 6-1 at 3.) Petitioner was then encountered by US Border Patrol and released on "OREC" on September 6, 2022. (Id.) On February 9, 2024, US Border Patrol encountered petitioner in San Luis Arizona and "granted prosecutorial discretion and released him." (Id.) Petitioner was subsequently re-detained by immigration officials on June 17, 2026, after the Salem Township, Pennsylvania police department encountered him as one of seven individuals during a traffic stop. (Id.)

Under respondent's evidence, petitioner does not have any known criminal record or any outstanding wants or warrants. (ECF No. 6-1 at 3.) Respondent does not argue he presents a danger or a flight risk.

Petitioner claims his detention is unlawful and unwarranted and seeks release from custody. (ECF No. 1 at 7.) Respondent asserts petitioner's detention was pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledge the Ninth Circuit recently held § 1226 governs petitioner's detention. (ECF No. 6 at 1.) Respondent states petitioner is entitled to seek a custody redetermination before an immigration judge. (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678 (2001).

## III. Discussion

Petitioner was living in the United States when he was detained on June 17, 2026, and thus the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding noncitizens present

without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondent is violating petitioner's federal rights.

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). Respondent's assertion that petitioner can seek a custody redetermination hearing provides no reason to deny the petition because petitioner was entitled to an initial bond hearing and other process which should have already been provided. Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a).

Moreover, the record indicates immigration officials released petitioner into the United States twice previously after finding he presents no danger to the community or a flight risk. Under these circumstances, petitioner has acquired a liberty interest in his continued freedom which is protected by the Due Process Clause. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention).

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, the court considers the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). First, petitioner's private interest in remaining free from detention is significant and strengthened by the fact that he lived freely in his community for a significant period of time while working, paying taxes, and developing ties in his community. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Second, the risk of an erroneous deprivation of his liberty is high because he has not received any individualized bond determination or other process and respondents do not argue he presents a danger to the community or a flight risk.

Respondent's own evidence indicates petitioner has no criminal history. The record reveals no circumstances justifying petitioner's detention without a hearing. The government's interest in detaining petitioner without any procedural protections is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

On balance, the Mathews factors favor petitioner and show due process required that he be provided an individualized hearing prior to his detention. Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting his detention on June 17, 2026, without providing an individualized hearing or any other process. Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated and order his immediate release from custody.

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to RELEASE petitioner IMMEDIATELY and respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
3. Petitioner's motion requesting appointment of counsel and a temporary restraining order (ECF No. 2) be denied as moot.
4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 elli5992.mer